UNITED STATES BANKRUPTCY COURT
EASTERN **DISTRICT OF** MISSOURI
ST. LOUIS **DIVISION**

In re: §
§
Daniel Beauvais Gabriel § Case No. 15-45749
§
Debtor § 
§

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 07/31/2015 . The undersigned trustee was appointed on 08/01/2015 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554 except that the trustee reserves, pursuant to 11 U.S.C. section 554(c), the estate's interest in the following: Asset #10 (Personal Injury Claim - Vehicle Accident On 7/23/2015 ) The filing of the Trustee's Final Report shall not be deemed an abandonment of the estate's interest in this asset. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of $ 1,137.00

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.41 |
| Bank service fees | 150.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

Leaving a balance on hand of[1]              $              986.59

The remaining funds are available for distribution.

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was 07/25/2016 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 284.25 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 284.25 , for a total compensation of $ 284.25 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 356.89 , for total expenses of $ 356.89 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date: 08/30/2017 _____ By:/s/Kristin J. Conwell, Trustee _____
                                            Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-45749 | CER | Judge: | Charles E. Rendlen III | Trustee Name: | Kristin J. Conwell, Trustee |

| Case Name: | Daniel Beauvais Gabriel | Date Filed (f) or Converted (c): | 07/31/2015 (f) |

341(a) Meeting Date: 09/04/2015

For Period Ending: 08/30/2017

Claims Bar Date: 07/25/2016

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Cash | 20.00 | 0.00 | | 0.00 | FA |
| 2. Checking Account - Bank Of America (Solely In Debtor's Name) | 50.00 | 0.00 | | 0.00 | FA |
| 3. Debtor's Share Of Joint Checking With Spouse - Bank Of Ameri | 256.50 | 0.00 | | 0.00 | FA |
| 4. Debtor's Share Of Joint Savings Account - Bank Of America ($ | 16.50 | 0.00 | | 0.00 | FA |
| 5. Security Deposit With Landlord | 1,100.00 | 1,100.00 | | 0.00 | FA |
| 6. Books, Picures, Tape, Compact Discs And Other Collections/Co | 1,800.00 | 0.00 | | 0.00 | FA |
| 7. Clothes | 200.00 | 0.00 | | 0.00 | FA |
| 8. Wedding Ring | 15.00 | 0.00 | | 0.00 | FA |
| 9. 401K Plan - Fidelity | 6,822.00 | 6,821.00 | | 0.00 | FA |
| 10. Personal Injury Claim - Vehicle Accident On 7/23/2015 | Unknown | 5,000.00 | | 0.00 | 5,000.00 |
| 11. 2003 Ford Explorer | 2,900.00 | 0.00 | | 0.00 | FA |
| 12. 2013 Tax Refund (u) | 1,497.00 | 1,497.00 | | 0.00 | FA |
| 13. 2014 Tax Refund (u) | 1,672.00 | 1,672.00 | | 0.00 | FA |
| 14. 2015 Tax Refund (u) | 0.00 | 836.00 | | 1,137.00 | FA |
| 15. checking account - Bank of America (Solely in Debtor's Name) (u) | 844.05 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $17,193.05 | $16,926.00 | | $1,137.00 | $5,000.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

6/19/17 - fee application for trustee counsel filed.
2/9/17 - adversary to revoke debtor's discharge filed by trustee.
8/1/16 - trustee hired an attorney to file motion to compel compliance.
5/10/16 - debtor attorney withdrew due to non-responsive client.
1/15/16 - requests for status on lawsuit and tax refunds sent to Debtor Attorney.
Trustee pursued personal injury lawsuit proceeds and tax refunds (if any) for 2013-2015.

Exhibit A

RE PROP #      10   --   Prior PI attorney withdrew from representation (also Debtors attorney) and the debtor
                        refused to turnover information regarding the lawsuit. As such, the Trustee filed an
                        adversary revoking discharge.  Order entered revoking discharge in May, 2017.

Initial Projected Date of Final Report (TFR): 12/31/2016          Current Projected Date of Final Report (TFR): 08/31/2017

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 15-45749

Case Name: Daniel Beauvais Gabriel

Taxpayer ID No: XX-XXX9257

For Period Ending: 08/30/2017

Trustee Name: Kristin J. Conwell, Trustee

Bank Name: Union Bank

Account Number/CD#: XXXXXX1285

Checking

Blanket Bond (per case limit): $22,140,479.00

Separate Bond (if applicable):

*Exhibit B*

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/12/16 | 14 | US Treasury | Tax Refund - DIRECT | 1224-000 | $1,137.00 | | $1,137.00 |
| 07/25/16 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $1,122.00 |
| 08/25/16 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $1,107.00 |
| 09/26/16 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $1,092.00 |
| 10/25/16 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $1,077.00 |
| 11/10/16 | 10001 | International Sureties Ltd. Suite 420 701 Poydras St. New Orleans, LA 70139 | Bond #016070909 | 2300-000 | | $0.41 | $1,076.59 |
| 11/25/16 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $1,061.59 |
| 12/27/16 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $1,046.59 |
| 01/25/17 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $1,031.59 |
| 02/27/17 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $1,016.59 |
| 03/27/17 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $1,001.59 |
| 04/25/17 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $986.59 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals: $1,137.00 $150.41

| | | |
|---|---:|---:|
| COLUMN TOTALS | $1,137.00 | $150.41 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $1,137.00 | $150.41 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $1,137.00 | $150.41 |

Exhibit B

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX1285 - Checking | $1,137.00 | $150.41 | $986.59 |
| | $1,137.00 | $150.41 | $986.59 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $1,137.00 |
| Total Gross Receipts: | $1,137.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 15-45749                                                            Date: August 30, 2017

Debtor Name: Daniel Beauvais Gabriel

Claims Bar Date: 7/25/2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Kristin J. Conwell Conwell Law Firm, LLC P.O. Box 56550 St. Louis, MO 63156 | Administrative | | $0.00 | $67.11 | $67.11 |
| 100 2200 | Kristin J. Conwell Conwell Law Firm, LLC P.O. Box 56550 St. Louis, MO 63156 | Administrative | | $0.00 | $356.89 | $356.89 |
| 100 2700 | US Bankruptcy Court Clerk Thomas F. Eagleton US Courthouse 111 S. 10th Street, 4th Floor St. Louis, MO 63102 | Administrative | | $0.00 | $350.00 | $350.00 |
| 100 3110 | Conwell Law Firm, LLC 520 N Skinker Blvd Saint Louis MO 63130 | Administrative | | $0.00 | $3,187.50 | $3,187.50 |
| 1 300 7100 | Sprint Attn Bankruptcy Dept Po Box 7949 Overland Park Ks 66207-0949 | Unsecured | Date Filed: 05/17/2016 | $700.00 | $762.45 | $762.45 |
| 2 300 7100 | Midland Funding, Llc P.O. Box 2011 Warren, Mi 48090 | Unsecured | Date Filed: 06/14/2016 | $1,132.00 | $905.37 | $905.37 |
| 3 300 7100 | Exeter Finance Corp. P.O. Box 167399 Irving Tx 75016 | Unsecured | Date Filed: 07/25/2016 | $8,706.00 | $13,676.58 | $13,676.58 |
| | Case Totals | | | $10,538.00 | $19,305.90 | $19,305.90 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

                                    Printed: August 30, 2017

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-45749
Case Name: Daniel Beauvais Gabriel
Trustee Name: Kristin J. Conwell, Trustee

Balance on hand                                   $          986.59

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Kristin J. Conwell | $ 284.25 | $ 0.00 | $ 67.11 |
| Trustee Expenses: Kristin J. Conwell | $ 356.89 | $ 0.00 | $ 84.26 |
| Attorney for Trustee Fees: Conwell Law Firm, LLC | $ 3,187.50 | $ 0.00 | $ 752.58 |
| Charges: US Bankruptcy Court Clerk | $ 350.00 | $ 0.00 | $ 82.64 |

Total to be paid for chapter 7 administrative expenses          $          986.59

Remaining Balance          $          0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 15,344.40  have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Sprint | $ 762.45 | $ 0.00 | $ 0.00 |
| 2 | Midland Funding, Llc | $ 905.37 | $ 0.00 | $ 0.00 |
| 3 | Exeter Finance Corp. | $ 13,676.58 | $ 0.00 | $ 0.00 |

Total to be paid to timely general unsecured creditors          $_____0.00

Remaining Balance          $_____0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE